UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WARREN ANTONIO LEE,<br><br>      Plaintiff,<br><br>v.<br><br>JEFFREY GRONDOLSKY et al.,<br><br>      Defendants. | CIVIL ACTION NO. 16-12061-DHH |

ORDER FOR REASSIGNMENT AND
REPORT AND RECOMMENDATION FOR DISMISSAL

**November 15, 2016**

Hennessy, M.J.

For the reasons stated below, this action shall be reassigned to a District Judge and the Court recommends that plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket #2) be DENIED and this action be DISMISSED sua sponte without prejudice to re-filing, provided plaintiff pays the $400.00 administrative and filing fees at the time of filing his renewed complaint.

I.    BACKGROUND

On September 19, 2016, Warren Antonio Lee ("Lee"), an inmate confined at FCI Butner in North Carolina, filed a civil rights complaint in the United States District Court for the District of Columbia. See Lee v. Grondolsky et al., 16-cv-01864 (D.D.C. Sept. 19, 2016); (Docket #1). With his complaint, he submitted for filing an Application to Proceed in District Court Without Prepaying Fees or Costs, accompanied by a form consenting to the collection of fees from his prison trust account. Id.

By Order dated September 15, 2016, Judge James E. Boasberg transferred the case to this district because the complaint is brought pursuant to the Federal Tort Claims Act concerning an injury suffered at the Federal Medical Center in Devens, Massachusetts.  (See Docket #3).

On October 14, 2016, the case was transferred to this district.  See Docket # 4.  This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  (See Docket #5).

II.   DISCUSSION

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), a prisoner generally cannot proceed in forma pauperis if he has brought three or more cases that were dismissed for failure to state a claim.  Coleman v. Tollefson, 135 S. Ct. 1759, 1761 (2015) (three strikes provision applies to prisoner who has on three or more occasions brought an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted).  Where a prisoner has "three strikes," he may only proceed in forma pauperis if he is "under imminent danger of serious physical injury" in regards to the misconduct alleged in the complaint.  28 U.S.C. § 1915(g).

A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that plaintiff has filed at least three cases which were dismissed as either frivolous or for failure to state a claim upon which relief may be granted.  The undersigned has identified the following three cases: (1) Lee v. BOP, No. 10-0195-EGS (D.D.C. Nov. 9, 2010) (order granting 12(b)(6) motion to dismiss); (2) Lee v. Cuty-Ruiz, No. 98-CT-379-BO (E.D.N.C.  May 20, 1998) (order dismissing as frivolous pursuant to 28 U.S.C. § 1915(e)(2)); and (3) Lee v. J.P. Young et al., No. 99-2463-JPM (W.D. Tenn. June 30, 1999) (order dismissing as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

In order to invoke the exception to the three-strike rule for a case alleging imminent danger of serious physical injury, the harm must be imminent and the claim for relief asserted must be for the alleviation of that threat of harm.  Judd v. United States, C.A. No. 06-10172–PBS, 2010 WL 1904869, at *3 (D. Mass. May 5, 2010) (citing Judd v. Fed. Election Comm'n, 311 F. App'x 730, 731 (5th Cir. 2009)).  Plaintiff's complaint concerns events that took place while he was incarcerated at FMC Devens in Massachusetts.  Plaintiff is now confined in North Carolina and does not make any allegations from which an inference might be drawn that he is in danger of imminent serious physical injury, nor does he seek alleviation of any threat of physical harm.

Because Lee has incurred three or more "strikes" and is not "under imminent danger of serious physical injury" in regards to the allegations in the complaint, he is not eligible to proceed without prepayment of the filing fee.

## ORDER FOR REASSIGNMENT

This Court will direct that the case file for this action be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal.

## RECOMMENDATION TO THE DISTRICT JUDGE

Based on the foregoing, this Court RECOMMENDS to the District Judge to whom this case is reassigned that plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket #2) be DENIED and this action be DISMISSED sua sponte without prejudice to plaintiff re-filing this action, provided he pays the $400.00 administrative and filing fees at the time of filing his renewed complaint.

## NOTICE OF RIGHT TO OBJECT

Lee is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within

<u>14 days of his receipt of this Report and Recommendation</u>. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Lee is further advised that failure to file objections within the specified time waives the right to appeal the District Court's order. See <u>United States v. De Jesús–Viera</u>, 655 F.3d 52, 57 n.1 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010).

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. This action shall be <u>REASSIGNED</u> to a District Judge; and

2. This Court RECOMMENDS to the District Judge to whom this case is assigned that plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket #2) be DENIED pursuant to 28 U.S.C. § 1915(g) and this action be DISMISSED <u>sua</u> <u>sponte</u> without prejudice to plaintiff re-filing, provided he pays the $400.00 administrative and filing fees at the time of filing his renewed complaint.

**SO ORDERED.**

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE