UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WARREN ANTONIO LEE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | Civil Action No. 16-12061-MGM |
| v. | * | |
| | * | |
| | * | |
| JEFFREY GRONDOLSKY, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION AND
PLAINTIFF'S THREE PENDING MOTIONS
(Dkt. Nos. 6, 12, 14, 17, and 20)

July 28, 2017

MASTROIANNI, U.S.D.J.

## I.    INTRODUCTION

Warren Antonio Lee ("Plaintiff"), while confined to FCI Butner in North Carolina, filed a complaint

and an application to proceed in district court without prepaying fees or costs in the United States District

Court for the District for the District of Columbia. *See Lee v. Grondolsky, et al.,* 16-cv-01864 (D.D.C. Sept. 19,

2016). Plaintiff titles her Complaint as one "for damages under FTCA [28 USC § 2680(a)] for violations of

clearly established law under P.R.E.A.; and for ongoing retaliation, discrimination, and deliberate

indifference (by Warden Thomas B. Smith)." (Dkt. No. 1, Complaint). Plaintiff alleges that she[1] is filing the

complaint "as an addendum to a *now dismissed* 2241 petition."  (*Id.* (emphasis in original).) The factual

allegations in the complaint are interspersed with copies of administrative forms as well as documents from

---

[1] In some of the pleadings, *i.e.*, Dkt. No. 10, Plaintiff identifies as transgender and uses female pronouns. In
accordance with Plaintiff's apparent preference, this court will refer to Plaintiff using female pronouns.

earlier cases. (*Id.*)  Plaintiff includes a copy of the denial of FTCA claim No TRT-NER-2016-05114 in which

she alleged that she was assaulted by another inmate at FMC Devens on November 21, 2015. (*Id.*) The

certificate of service accompanying the complaint certifies that Plaintiff mailed the "FTCA Complaint" to

the Clerk of the United States District Court for the District for the District of Columbia. (Dkt. No. 1,

Compl.).

The case was transferred to this district because the complaint is brought pursuant to the Federal

Tort Claims Act ("FTCA") concerning injury suffered at the Federal Medical Center in Devens,

Massachusetts. (Dkt. No. 3, Transfer Order). This action was initially assigned to Magistrate Judge David H.

Hennessey pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

(Dkt. No. 5, Notice of Case Assignment). On March 31, 2017, Plaintiff filed a notice for change of address

stating she had been transferred to FCI Terre Haute in Terre Haute, Indiana. (Dkt. No. 15.) And on July 17,

2017, Plaintiff filed another notice for change of address stating she is now in custody at FMC Fort Worth

in Fort Worth, Texas. (Dkt. No. 17; *see also* http://www.bop.gov/inmateloc (last visited July 26, 2017).)

## II.       REASSIGNMENT OF CASE TO DISTRICT JUDGE
### AND REPORT AND RECOMMENDATION

On November 15, 2016, Magistrate Judge Hennessy returned this case to the clerk for reassignment

to a district judge, (Dkt. No. 6), and it was assigned to the undersigned. (Dkt. No. 7). Magistrate Judge

Hennessy issued a Report and Recommendation ("R&R") concluding that Plaintiff is not eligible to proceed

without prepayment of the filing fee because she has incurred three or more "strikes" and is not "under

imminent danger of serious physical injury" in regards to the allegations in the complaint. *See* 28 U.S.C. §

1915(g). Judge Hennessy recommends denying Plaintiff's Application to Proceed in District Court Without

Prepaying Fees or Costs (Dkt. No. 2) and dismissing this action without prejudice to Plaintiff re-filing

provided she pays the $400.00 administrative and filing fees at the time of filing a renewed complaint.

### III.        PLAINTIFF'S OBJECTIONS AND MOTIONS

Plaintiff filed both an objection to the R&R (Dkt. No. 10) and an addendum to her objection (Dkt. No. 11). Also pending are Plaintiff's motion to amend specific points of the complaint (Dkt. No. 12), motion for declaratory judgment as a supplemental pleading (Dkt. No. 14), motion for leave to file supplemental pleadings (Dkt. No. 17), and yet another motion for leave to file supplemental pleadings (Dkt. No. 20). Plaintiff files these pleadings in an apparent effort to assert claims of "imminent danger" to avoid the three-strikes bar of Section 1915(g).

In her initial objection, (Dkt. No. 10), Plaintiff complains that Magistrate Judge Hennessy was the judicial officer that dismissed her 2015 case. *See Lee v. Grondolsky*, C.A. No. 15-40063-DHH (Memorandum and Order for Dismissal Mar. 22, 2016). Plaintiff states that "a threat of 'imminent danger' doesn't go away because one is transferred, moved, or even placed in WitSec." (*See* Dkt. No. 10.) Plaintiff avers that she was transferred from an active yard to a drop-out yard where she has been viciously preyed upon as a transgender and subject to sexual abuse and retaliation. (*Id.*) Plaintiff suggests that she can avoid the filing fee issue if the Court would (1) reopen the 2015 action; (2) order Plaintiff's transfer to a different prison; (3) grant supplemental jurisdiction to the federal district court in the district of Plaintiff's confinement; or (4) collect the filing fee from a damage award at the conclusion of the case. (*Id.*)

In her addendum, Plaintiff states, among other things, that the instant complaint must revert back to her 2015 action. (Dkt. No. 11.) Plaintiff objects to the identification of *Lee v. BOP*, No. 10-0195-EGS (D.D.C. Nov. 9, 2010) and *Lee v. J.P. Young, et al.*, No. 99-2463-JPM as cases that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. Finally, in an effort to offset Plaintiff's insolvency issue, Plaintiff seeks appointment of counsel.

Plaintiff filed a motion to amend specific points of the complaint. (Dkt. No. 12.) Plaintiff states that she does not want to change any of the substantive claims already elucidated and states that relief is sought under the FTCA and *Bivens*. (*Id.*) In addition to allegations against the FMC Devens defendants, Plaintiff

3

seeks to add and/or consolidate claims against correctional defendants at FCI Butner-2 and FCI Butner-1. (*Id.*)

On March 7, 2017, Plaintiff filed a motion for declaratory judgment as a supplemental pleading to the motion to amend complaint. (Dkt. No. 14.) Plaintiff provides a chronology of events in an effort to document her injuries including rape trauma syndrome (RTS) and post-traumatic stress disorder (PTSD). Plaintiff contends that her 2015 action opened a "Pandora's Box" because "the odious cabal learned of" Plaintiff's application to marry another inmate. *Id.* Plaintiff contends that her psychological injuries "were/still are being triggered by overzealous retaliations from prospective/respectives Defendants as Exhibits will make limpid." (*Id.*)

On June 9, 2017, Plaintiff filed a motion for leave to file supplemental pleadings. (Dkt. No. 17.) Plaintiff avers that on March 13, 2017, she arrived at FCI Terre Haute "via a retaliatory transfer [from FCI Butner-II]." Plaintiff's five-page motion consists primarily of a recounting of events surrounding her unsuccessful efforts to resolve several grievances and be transferred to the Control Housing Unit. *Id.* Plaintiff states that her "emotional and mental status is in high alert" and she fears "another staff groping." (*Id.*)

On July 27, 20017, Plaintiff filed another motion for leave to file supplemental pleadings. (Dkt. No. 20.) Plaintiff asserts that her original assailant from FMC Devens is also in custody at FMC Fort Worth. (*Id.*) Plaintiff contends that she is therefore under imminent danger of physical harm and requests a permanent injunction removing the assailant from the general population at FMC Fort Worth. (*Id.*)

## IV.    DISCUSSION

Upon review of all the pleadings, this court finds Plaintiff's objections to be without merit and insufficient.

First, the court is satisfied after independently reviewing the records that Plaintiff is indeed a three-strikes litigant under 28 U.S.C. § 1915(g).

Next, the court finds that the exception outlined in § 1915(g) permitting a prisoner to proceed *in forma pauperis* if he or she is under threat of imminent danger does not apply to Plaintiff's case. Analysis under the "three-strikes rule" of § 1915(g) must be made at the time of commencement of the action. *Lopez v. U.S. Dept. of Justice*, 228 F. App'x 218, 219 (3d Cir.2007) (citing *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001)). Plaintiff does not allege that any of the defendants put her in imminent danger of serious physical injury at the time that she filed the complaint. *Henderson v. Thrash*, 1:14–CV–00202–NT, 2014 WL 2944065, at *2 (D. Me. June 30, 2014) (citing *Parks v. Butler Cnty. Adult Prob. Dep't*, No. 12-1113, 485 F. App'x 140, 141 (7th Cir. 2012) (unpublished)).

Finally, Plaintiff's motions to amend and supplement will be denied. Plaintiff will not be permitted to add new claims or new defendants, pertaining to allegations regarding facilities other than FMC Devens. *See Brown v. Blaine*, 2006 WL 1716772, *2 (3d Cir. Jun.16, 2006). Here, the proper course is not amendment but, rather, the filing of a new lawsuit in the appropriate forum. *See Williams v. Dep't of Corr.*, 2009 WL 1649142, at *5 (D. Del. Jun.8, 2009) (denying motion to amend which "rais[ed] new issues for acts that occurred after the filing of the original complaint," as the "available remedy [is the] filing [of] a new lawsuit"); *see also Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule).[2]

---

[2] Although the court is sympathetic to Plaintiff's post-Devens allegations, particularly the allegation that Plaintiff's assailant is now housed in the same facility as Plaintiff in FMC Fort Worth, the fact remains that when Plaintiff filed this action she was not under imminent danger of serious physical injury as to the allegations in the complaint regarding FMC Devens. Again, the court must analyze the imminent danger exception to the three-strikes rule *as of the commencement of the action*. To the extent Plaintiff believes she is now in imminent danger of serious physical injury as to her situation in FMC Fort Worth, she is free to file a new action in the appropriate court (and, if warranted, seek emergency relief). Moreover, Plaintiff is not barred from refiling her complaint pertaining to the FMC Devens allegations in this court, provided she pays the full amount of administrative and filing fees at the time of filing.

## V.     CONCLUSION

For all of the reasons stated above, and after reviewing the pleadings and documents in the case, together with the Report and Recommendation and Plaintiff's Objections, the following Order is entered:

1.     The court hereby ADOPTS the Report and Recommendation (Dkt. No. 6) in its entirety. Accordingly, Plaintiff's Motion (Dkt. No. 2) for Leave to Proceed in Forma Pauperis is DENIED, and this case is DISMISSED WITHOUT PREJUDICE to Plaintiff refiling, provided the applicable administrative and filing fees are paid in full at the time of filing.

2.     Plaintiff's motions (Dkt. Nos. 12, 14, 17, and 20) are DENIED.

It is So Ordered.

　　　　　　　　　　　　　　　　 /s/ Mark G. Mastroianni
　　　　　　　　　　　　　　　　MARK G. MASTROIANNI
　　　　　　　　　　　　　　　　United States District Judge